Yang v. Holder

BIA
Elstein, IJ
A099 670 256

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

ZHONG CHI YANG,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-532-ag
NAC

_____

FOR PETITIONER:          H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Luis E. Perez, Senior Litigation Counsel; Claire L. Workman, Trial

**Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhong Chi Yang, a native and citizen of China, seeks review of a January 10, 2011, order of the BIA affirming the June 12, 2009, decision of Immigration Judge ("IJ") Annette S. Elstein denying Yang's application for relief under the Convention Against Torture ("CAT"). *In re Zhong Chi Yang*, No. A099 670 256 (B.I.A. Jan. 10, 2011), *aff'g* No. A099 670 256 (Immig. Ct. N.Y. City June 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination. Under the REAL ID Act, which applies to Yang's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original).

As the IJ found, Yang made inconsistent statements to a Customs and Border Protection ("CBP") officer and during his testimony before the IJ regarding the amount he paid to a snakehead to be smuggled into the United States, and conceded that he lied to the officer about a Falun Gong asylum claim. While Yang argues that the IJ erred in relying on the CBP officer's notes as they may not have been accurate, he did not present this argument to the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007)(reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision").

Yang further argues that the agency should have considered that he made these statements to the CBP officer under duress from the snakehead. However, we defer to the

agency's rejection of that explanation, as it confirms that he did initially lie and does not compel the conclusion that he would not do so again. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) (providing that this Court must defer to the fact-finder's conclusions about explanations for inconsistencies in an applicant's testimony unless the applicant "demonstrate[s] that a reasonable fact-finder would be *compelled* to credit his testimony") (emphasis in original; quotation omitted)). Moreover, as the IJ found, Yang also made inconsistent statements concerning to whom he owed money and Yang does not challenge this finding. Together these inconsistencies provide substantial evidence in support of the agency's adverse credibility determination.

This adverse credibility determination supports the agency's rejection of Yang's claim that he would be tortured because of his illegal departure from China and failure to pay debts as Yang did not credibly establish the factual predicate, that he illegally left China after borrowing substantial sums of money, for the claim. *See Shou Yung Guo v. Gonzales*, 463 F.3d 109, 113-14 (2d Cir. 2006). Additionally, Yang's argument for CAT relief due to fear of forced sterilization is meritless because, as the agency

-4-

found, his fear is speculative, as he is not engaged or married, and has no children. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution in China because of his desire to have more children, his fear was "speculative at best").

Finally, we reject Yang's argument that the BIA and the IJ erred by requiring Yang to prove that he would be "singled out" for torture in order to qualify for CAT relief. The record demonstrates that, contrary to Yang's assertions, the agency applied the proper standard, requiring Yang to provide evidence that petitioners in his particular circumstances were "more likely than not to be tortured." *Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005). Substantial evidence supports the agency's determination that Yang has failed to meet this burden. *See id.* At 159-60.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk